IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) | No. 2:20-CR-04071-RK-02 |
| LAUREN COURTNEY LUQUE, | ) ) ) | |
| Defendant. | ) | |

### ORDER

Pending before the Court is Defendant Lauren Courtney Luque's Motion to Sever Defendants. (Doc. 304). The Government has filed its suggestions in opposition to the motion. (Doc. 309). No reply brief has been filed, and the time to do so has passed. The issue is now ripe and ready for consideration. For the reasons that follow, the Court will deny Ms. Luque's Motion to Sever.

### I. Background

On November 18, 2020, a Superseding Indictment was filed against Ms. Luque and eighteen co-defendants, alleging a conspiracy to defraud insurance companies by filing false claims of bodily injury and making false statements that they would be personally liable for any medical bills related to the claims. (Doc. 55). The United States alleges that Ms. Luque, on the instructions of her romantic partner and co-defendant, Lawrence Courtney Lawhorn, made false medical claims and requested unnecessary tests in order to increase her payout on an automobile insurance claim filed in relation to an August 6, 2019 accident. *Id.* at 3. The United States further alleges that Mr. Lawhorn and Ms. Luque committed identity theft in relation to their scheme. *Id.* at 33-34. Ms. Luque was charged with Conspiracy to Commit Wire Fraud; Conspiracy to Commit

Mail Fraud; six counts of Fraud by Wire, Radio, or Television; Mail Fraud; and Aggravated Identity Theft. *Id.* at 2, 14-44.

## II. Legal Standard

Rule 8(b) of the Federal Rules of Criminal Procedure provides that "[t]he indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of actions or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). Additionally, "[t]he defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count." *Id*. Rule 14(a) of the Federal Rules of Criminal Procedure further provides that "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a).

"The general rule" in federal courts "is that co-conspirators should be tried together." *United States v. Adams*, 401 F.3d 886, 895 (8th Cir. 2005); *United States v. Anderson*, 783 F.3d 727, 743 (8th Cir. 2015). This is increasingly so when it is charged that defendants have engaged in a conspiracy. *See United States v. Basile*, 109 F.3d 1304, 1309 (8th Cir. 1997). Severance in conspiracy cases "will rarely, if ever, be required." *United States v. Searing*, 984 F.2d 960, 965 (8th Cir. 1992). "Severance is not required merely because evidence that is admissible only against some defendants may be damaging to others." *United States v. Mickelson*, 378 F.3d 810, 818 (8th Cir. 2004). Additionally, a defendant is not entitled to severance simply because the weight of evidence against co-defendants is stronger or defendant only had limited involvement in the conspiracy. *United States v. Pecina*, 956 F.2d 186, 188 (8th Cir. 1992). Severance is only warranted if the defendant shows that "real prejudice will result from a joint trial" by establishing

that "(a) [defendant's] defense is irreconcilable with that of [a] co-defendant or (b) the jury will be unable to compartmentalize the evidence as it relates to the separate defendants." *Mickelson*, 378 F.3d at 817-18 (internal quotation marks omitted). Absent a certainty of "real prejudice," the risk of ordinary prejudice posed by joint trial "is best cured by careful and thorough jury instructions." *Id.* (citing *Zafiro v. United States*, 506 U.S. 534, 537 (1993).

### III. Discussion

Ms. Luque maintains that the charges against her "materially differ from those against every other defendant" because all of her co-defendants are alleged to have orchestrated automobile accidents, whereas "all the available evidence establishes that Luque was involved in a legitimate vehicle collision." (Doc. 304 at 3). Accordingly, she argues that "there is a significant risk of prejudice in the form of 'spillover' evidence." *Id*. She maintains that the jury will have particular difficulty compartmentalizing her charges from those of her co-defendants because all of the charges sound similar even though they pertain to different conduct. *Id.* She further argues that her romantic relationship with Mr. Lawhorn will likely lead to "significant inconsistency between their positions at trial" and cause the jury to improperly assume that Ms. Luque was aware of Mr. Lawhorn's alleged criminal conduct, both in this case and in prior bad acts that the government may seek to introduce. *Id.* at 4.

This is not the rare case in which severance is warranted. Real prejudice requires either a defense irreconcilable with that of a co-defendant or a showing that the jury will be unable to compartmentalize the evidence as it relates to the separate defendants. *Mickelson*, 378 F.3d at 817-18. Ms. Luque's claims do not satisfy either criterion.

Ms. Luque's defense is not irreconcilable with Mr. Lawhorn's defense. The Eighth Circuit has explained: "A defense is irreconcilable when the jury, to believe the core of one defense, must

necessarily disbelieve the core of another. The mere fact that one defendant tries to shift blame to another defendant does not mandate separate trials." *United States v. Mason*, 982 F.2d 325, 328 (8th Cir. 1993) (internal quotation marks omitted). Here, Ms. Luque suggests a shifting of blame to Mr. Lawhorn. Her argument seems to implicate Mr. Lawhorn in fraudulent criminal acts and imply that she was manipulated by him. Ms. Luque specifically argues that "there will be significant inconsistency" between her trial position and that of Mr. Lawhorn because text messages show that Mr. Lawhorn "exerted significant power over her in the relationship." (Doc. 304 at 5). Ms. Luque argues that her defense "will directly and powerfully implicate Lawhorn in deliberate and intentional criminal conduct." *Id.* However, such does not require severance since there is no danger that the jury will unjustifiably infer that this conflict alone demonstrates both are guilty. Moreover, her concern that "the jury may improperly assume that Luque was aware of Lawhorn's allegedly unlawful conduct, or that she actively participated in conduct beyond what is in the evidence at trial" amounts to a fear that the jury will develop a general impression of guilt, but not a showing that the two defenses are irreconcilable. *Id.*

Ms. Luque has not established real prejudice on the compartmentalization criterion either. She maintains that "[t]he charges against Luque materially differ from those against every other defendant" because the other defendants are alleged to have staged vehicle collisions to collect insurance money, whereas Ms. Luque took measures to collect insurance money after a legitimate, unstaged collision. (Doc. 304 at 3). The allegation that Ms. Luque's co-defendants committed similar but more serious crimes, even if true, does not support a finding that the jury would be unable to compartmentalize the evidence against her from the evidence against her co-defendants. Ms. Luque's collision occurred on a different date than her co-defendants' collisions and the Superseding Indictment alleges limited contact, at most, with co-defendants other than Mr.

Lawhorn. *See* Doc. 55. A jury would be able to separate the discrete facts of Ms. Luque's case from those of her co-defendants. Ms. Luque's concerns over potential spillover can be fully ameliorated by proper limiting instructions to the jury. *See Zarino*, 506 U.S. at 540 (asserting that risk of prejudice from a joint trial was "of a type that can be cured with proper instructions" and "juries are presumed to follow their instructions").

## IV. Conclusion

Based on the foregoing, the Court finds that Ms. Luque has failed to establish "severe or compelling" prejudice and, therefore, there is no basis for severance of her case from that of her co-defendants.

IT IS THEREFORE ORDERED that Defendant Lauren Courtney Luque's Motion to Sever Defendants (Doc. 304) is DENIED.

Dated this 27th day of July, 2021, at Jefferson City, Missouri.

Willie J. Epps, Jr.
United States Magistrate Judge